IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | Criminal Action No. RDB-20-075 |
| v. | * | Criminal Action No. RDB-15-342 |
| JERMAL MCCOY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM ORDER</u>**

Jermal McCoy is a 38-year-old federal prisoner who is serving a 120-month sentence for conspiracy to distribute and possess with intent to distribute heroin, fentanyl, and cocaine base in violation of 21 U.S.C. § 846 (Count One). (Judgment, ECF No. 80; Indictment, ECF No. 1.) In addition, McCoy was sentenced to a concurrent term of imprisonment of 18 months after admitting guilt to several violations of supervised release in a separate case. (RDB-15-342, Judgment, ECF No. 46.) Now pending is McCoy's *pro se* Motion for Sentence Reduction and Investigation of Officer Misconduct.[1] (ECF No. 147.) The Government opposes the motion. (ECF No. 177.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, McCoy's motion, construed as a motion under 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute) is DENIED.[2]

---

[1] That same motion has been docketed in McCoy's 2015 case. (RDB-15-342, ECF No. 48.) For the same reasons, that motion is also DENIED.
[2] McCoy has also filed two motions to appoint counsel to assist him in preparing a compassionate release motion. (ECF Nos. 183, 184.) As the United States Court of Appeals for the Fourth Circuit has recognized,

## BACKGROUND

On September 3, 2020, McCoy pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin, fentanyl, and cocaine base. (Plea Agreement, ECF No. 58.) McCoy admitted that from at least 2018 through 2019, he conspired with others to possess with intent to distribute and distribute at least 100 grams of heroin, as well as fentanyl and cocaine base in and around Baltimore City, Maryland. (ECF No. 58 at 10.) While executing a search warrant at McCoy's residence, law enforcement officers located narcotics and a 9 mm semi-automatic pistol. (*Id.*) McCoy also admitted that he participated in that conspiracy while he was on supervised release in separate criminal case in which he pled guilty to a narcotics offense involving heroin. (*Id.* at 11; *see also* Crim. No. RDB-15-342.) He further admitted that he violated the terms and conditions of that supervised release by engaging in the criminal conduct of the narcotics conspiracy. (ECF No. 58 at 11.)

McCoy entered his plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). McCoy and the Government agreed that the appropriate sentence in Crim. No. RDB-20-075 was 120 months in the custody of the Bureau of Prisons. (ECF No. 58 ¶ 10.) The parties also agreed that any sentence on the violations of supervised release in the 2015 case should run concurrent to the requested 120-month sentence. (*Id.*) On December 15, 2020, this Court accepted the parties' plea agreement and sentenced McCoy to a term of imprisonment

---

"a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 756, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," McCoy has not made a showing of such exceptional circumstances in this case. *Legree*, 205 F.3d at 730. Accordingly, the motions to appoint counsel are DENIED.

of 120 months in the 2020 case and 18 months concurrent for the violations of supervised release in the 2015 case. (Judgment, ECF No. 80.) McCoy's release date is May 28, 2028.

On June 24, 2021, McCoy filed the presently pending Motion for Sentence Reduction and Investigation of Officer Misconduct. In that motion, McCoy seeks a sentence reduction based on alleged misconduct of members of the Baltimore Police Department. McCoy does not specify a legal basis for the reduction of his sentence. Accordingly, this Court construes McCoy's motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(a). *See United States v. Taylor*, Civil Action No. ELH-13-269, 2020 U.S. Dist. LEXIS 110236, at *1 (D. Md. June 23, 2020) (construing a defendant's *pro se* correspondence as a motion for compassionate release); *United States v. Stanley*, No. 1:17-cr-00123-MR-WCM, 2021 U.S. Dist. LEXIS 47277, at *3 (W.D.N.C. Mar. 13, 2021) (same).

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," presents extraordinary and compelling reasons to release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to

exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'").

## I.     Extraordinary and Compelling Reasons

As an initial matter, this Court notes that McCoy has not provided documentation showing that he has exhausted his administrative remedies. *See United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) (noting that § 3582(c)(1)(A) "requires a defendant to exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release"); *but see United States v. Muhammad*, 16 F.4th 126, 131(4th 2021) (holding that the administrate exhaustion requirement is non-jurisdictional). Nevertheless, this Court will analyze the merits of McCoy's motion.

McCoy's officer misconduct claim fails. McCoy argues that Officers Keith Gladstone and Carmine Vignola of the Baltimore Police Department violated his due process rights when they entered his home without a warrant and broke both of his knees.[3] As the Government has noted, Maryland state court records demonstrate that McCoy was aware of any misconduct towards him on the part of those officers at the time of his 2015 case. (ECF No. 177 at 7.) Indeed, on August 29, 2014, McCoy filed a civil suit in the Circuit Court for

---

[3] On May 31, 2019, Gladstone pled guilty to conspiracy to deprive civil rights in violation of 18 U.S.C. § 241. (CCB-19-094, Plea Agreement, ECF No. 19.) On September 23, 2019, Vignola pled guilty to making false declarations before a grand jury in violation of 18 U.S.C. § 1623(a). (CCB-19-431, Plea Agreement, ECF No. 11.) On February 6, 2020, Judge Blake of this Court sentenced Vignola to a term of imprisonment of 18 months. (CCB-19-431, Judgment, ECF No. 19.) Neither Gladstone nor Vignola pled guilty to any offense involving McCoy.

Baltimore City, Maryland against the Baltimore Police Department and the officers involved in the incident. *See* Case No. 24-C-14-005019. The docket sheet in that case reflects that on March 31, 2015, McCoy dismissed his claims against Gladstone and Vignola with prejudice by joint stipulation. *Id.* Several months after agreeing to the dismissal of those civil claims, McCoy pled guilty to possession with intent to distribute a mixture containing heroin in his 2015 criminal case. (RDB-15-432, Plea Agreement, ECF No. 26.) Moreover, both Gladstone and Vignola were federally charged with offenses unrelated to the alleged assault before McCoy was indicted in the 2020 case. Given that McCoy was aware of the officers' alleged misconduct before his guilty pleas and sentencings in both of his federal criminal cases, this Court concludes that McCoy has not demonstrated that extraordinary and compelling reasons support the relief he requests.

## II.   18 U.S.C. § 3553(a) Factors

Even if McCoy had demonstrated the existence of extraordinary and compelling reasons, compassionate release would nonetheless be inappropriate because the factors found at 18 U.S.C. § 3553(a) do not support relief. The factors require this Court to evaluate (1) McCoy's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *United States v. Bryant*, Crim No. 95-202-CCB, 2020 WL 2085471 at *4. McCoy's offense was serious. McCoy engaged in a drug trafficking conspiracy

that was responsible for putting dangerous opiates on the streets of Baltimore. *See, e.g., United States v. McKinnie*, No. 19-4888, 2021 U.S. App. LEXIS 38238, at *21 (4th Cir. Dec. 27, 2021) (affirming an upward variance from the sentencing guidelines where the sentencing court emphasized the "lethal risks" posed by fentanyl, which it described as an "extraordinarily dangerous narcotic"). McCoy engaged in this conduct even though he was on federal supervised release. This Court is aware of the need to protect the public from McCoy, who has shown that he is inclined to traffic in substances that threaten the safety of the community. In addition, McCoy has served only a small portion of his 120-month sentence. A reduction in sentence in this case would not provide just punishment or promote respect for the law.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 6th day of April, 2022, that Defendant McCoy's Motion for Sentence Reduction and Investigation of Officer Misconduct, construed as a motion for compassionate release, (ECF No. 147; RDB-15-342, ECF No. 48) is DENIED. McCoy's motions to appoint counsel (ECF Nos. 183, 184) are also DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge